2003 OK CR 7

**Darwin BROWN, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PCD–2002–1285.**

Court of Criminal Appeals of Oklahoma.

April 9, 2003.

James L. Hankins, Hankins Law Office, Enid, OK, Attorney for Petitioner.

### OPINION DENYING SUBSEQUENT APPLICATION FOR POST–CONVICTION RELIEF

LILE, Vice Presiding Judge.

¶ 1 Darwin Brown was tried by jury and convicted of First Degree Murder and Robbery with a Dangerous Weapon in Tulsa County District Court Case CF–95–1024. Brown received the death penalty for the murder conviction. The robbery conviction was reversed on appeal, because there was no clear indication whether Brown was convicted by the jury of malice murder or felony murder. The murder conviction and the death sentence were affirmed on direct appeal. *Brown v. State*, 1998 OK CR 77, 989 P.2d 913. Brown's initial Application for Post–Conviction Relief was denied on November 8, 1999. He is now before this Court on a second Application for Post–Conviction Relief filed on December 2, 2002.

¶ 2 The Post–Conviction Procedure Act governs post-conviction proceedings in this State. 22 O.S.2001, § 1080, *et seq.* The procedure for capital cases is found at 22 O.S.2001, § 1089. This Court may not consider the merits of a subsequent application for post-conviction relief,

unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in a timely original application or in a previously considered application filed under this section, because the factual or legal basis for the claim was unavailable.

22 O.S.2001, § 1089(D)(8). In this Application, Brown relies on *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), in which the United States Supreme Court formulated a new rule of constitutional law. Based on *Ring*, Brown raises three propositions in this application:

1. *Ring v. Arizona* requires a specific jury finding of a crime separate from the murder for which Brown sought to avoid arrest or prosecution.

2. *Ring* requires that the constitutionally required culpability assessment pursuant to *Tison v. Arizona* must be made by the jury.

3. *Ring* requires that Oklahoma juries be instructed that the aggravating circumstances must out weigh mitigating evidence beyond a reasonable doubt.

¶ 3 In *Ring*, the United States Supreme Court held that a capital jury must make any factual finding bearing on capital punishment beyond a reasonable doubt. *Ring*, 536 U.S. at 601–02, 122 S.Ct. at 2439–40. In as much as *Ring* established a new rule of constitutional magnitude which was previously unavailable to Brown and arguably relates to his case, we will review this claim.

¶ 4 One of the aggravating circumstances found by the jury in Brown's case was that "the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution." 21 O.S.Supp.1996, § 701.12(5). Brown did not contest the finding of this aggravating circumstance on direct appeal. In his first Application for Post Conviction Relief, Brown attempted to raise an issue claiming the felony murder conviction and the finding of the "avoid lawful arrest" finding were inconsistent. However, we held the claim was barred.

■ ¶ 5 Brown first argues, because this Court interpreted the conviction to be one of felony murder, that the robbery was not a crime separate and apart from the murder itself. Our holding on appeal was made in response to the double jeopardy claim based on the fact that the jury was not required to specify whether they decided that Brown was guilty of felony murder or malice murder. *Brown,* 1998 OK CR 77, ¶ 66, 989 P.2d at 930. Our holding cannot be interpreted as a finding that there was insufficient evidence of malice murder and a separate robbery. This argument is not based on *Ring,* but on a theory of inconsistent verdicts which was the claim barred in the first Application for Post–Conviction Relief; therefore, we will not discuss this part of the claim further.

■ ¶ 6 Brown next argues that the jury was not required to find the existence of a separate crime beyond a reasonable doubt when deciding the "murder to avoid arrest or prosecution" aggravating circumstance. In Brown's case, the jury was instructed that they must find the "avoid arrest or prosecution" aggravating circumstance beyond a reasonable doubt by finding, first, there was another crime separate and distinct from the murder, and, second, the defendant committed the murder with the intent to avoid being arrested or prosecuted for that other crime. OUJI CR 2d 4–75 (1996).

■ ¶ 7 *Ring* does not require that we further define and increase the standards for a jury to find the "avoid lawful arrest or prosecution" aggravating circumstance. The only thing that *Ring* requires is that, where the death penalty is sought for a murder defendant at a jury trial, the jury hearing the case must make the determination that certain "aggravating circumstances" exist beyond a reasonable doubt to justify the penalty of death. *Ring,* 536 U.S. at 602, 122 S.Ct. at 2439–40.

¶ 8 There was ample evidence in this case for the jury to find that there was a separate robbery and that Brown and his codefendants killed the victim in order to avoid arrest and prosecution for that robbery. In fact, the jury in Brown's case found during first stage that Brown had committed the crime of Robbery with a Dangerous Weapon beyond a reasonable doubt. This finding makes Brown's argument frivolous. This robbery conviction satisfies the requirements of the aggravating circumstance. Even though the robbery conviction was reversed on appeal, it was not reversed on evidentiary grounds. The evidence of a robbery was clear in this case.

¶ 9 In Brown's second proposition, he argues that the holding in *Ring* requires a jury to make the culpability assessment which is required in capital felony murder convictions by *Tison v. Arizona,* 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987).[1] *See also Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). On direct appeal this Court made the required culpability assessment. *Brown,* 1998 OK CR 77, ¶ 47, 989 P.2d at 931.

¶ 10 In *Ring,* the appellant was convicted of felony murder and the trial court made the culpability assessment pursuant to *Tison* and the trial court also made the factual finding of aggravating circumstances. The United States Supreme Court held that the finding of aggravating circumstances must be made by a jury; however, they did not discuss the trial court's *Tison* finding.

■ ¶ 11 The Supreme Court's discussion of *Enmund/Tison* in *Ring* is limited to their discussion of *Walton v. Arizona,* 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990), the case which first held that the Arizona

1. Under *Tison,* a defendant is eligible for the death penalty only if he is a major participant in the felony that led to the killing and exhibited a reckless disregard or indifference for human life.

death penalty scheme was constitutional, and which was overruled, in part, in *Ring. See Ring,* 122 S.Ct. at 2432. The Supreme Court stated,

> *Walton* drew support from *Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986), in which the Court held there was no constitutional bar to an appellate court's finding that a defendant killed, attempted to kill, or intended to kill, as *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), required for imposition of the death penalty in felony-murder cases. The *Enmund* finding could be made by a court, *Walton* maintained, because it entailed no " 'element of the crime of capital murder' "; it "only place[d] 'a substantive limitation on sentencing.' " 497 U.S., at 649, 110 S.Ct. 3047 (quoting *Cabana,* 474 U.S., at 385–386, 106 S.Ct. 689). "If the Constitution does not require that the *Enmund* finding be proved as an element of the offense of capital murder, and does not require a jury to make that finding," *Walton* stated, "we cannot conclude that a State is required to denominate aggravating circumstances 'elements' of the offense or permit only a jury to determine the existence of such circumstances." 497 U.S., at 649, 110 S.Ct. 3047.

*Ring,* 122 S.Ct. at 2437–38. After *Ring,* the *Enmund/Tison* determination may still be made by a court, even though a jury must make the factual finding of aggravating circumstances.

¶ 12 The reasoning, though not clearly enunciated in *Ring,* is that the *Enmund/Tison* determination does not make a murderer eligible for the death penalty. If the *Enmund/Tison* test is not met, the death penalty is not appropriate. The determination is a limiting factor, not an enhancing factor. Thus, once a defendant is found to be eligible for the death penalty, any tribunal may make the requisite *Enmund/Tison* findings. *See Cabana v. Bullock,* 474 U.S. 376, 392, 106 S.Ct. 689, 700, 88 L.Ed.2d 704 (1986),[2] *overruled in part on other grounds*

*by Pope v. Illinois,* 481 U.S. 497, 503 n. 7, 107 S.Ct. 1918, 1922 n. 7, 95 L.Ed.2d 439, 447 n. 7 (1987). A defendant must be found eligible for death penalty before the *Enmund/Tison* determination becomes relevant.

¶ 13 The scheme utilized in Brown's case where a jury determined aggravating circumstances beyond a reasonable doubt, then this Court applied the *Enmund/Tison* test does not offend the holding in *Ring.* The jury determined that Brown was eligible for the death penalty by finding the aggravating circumstances. This is all that the holding in *Ring* requires.

¶ 14 Brown's third proposition, arguing that *Ring* requires the jury be instructed that the aggravating circumstances must outweigh the mitigating evidence beyond a reasonable doubt, was discussed and rejected in *Torres v. State,* 2002 OK CR 35, ¶ 6, 58 P.3d 214, 216. We find no reason to overrule that holding here.

¶ 15 After carefully reviewing Brown's second application for post-conviction relief, we conclude that he is not entitled to relief. Accordingly, Brown's second Application for Post–Conviction Relief is **DENIED.**

JOHNSON, P.J., and LUMPKIN, CHAPEL and STRUBHAR, JJ., concur.

---

**2.** "the sentence currently in force may stand provided only that the requisite findings are made in an adequate proceeding before some appropriate tribunal-be it an appellate court, a trial judge, or a jury."