**Darrell Dee COOPER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–92–1233.

Court of Criminal Appeals of Oklahoma.

April 13, 1995.

As Corrected on Denial of Rehearing May 11, 1995.

Martha R. Kulmacz and Robert T. Keel, Oklahoma City, for defendant at trial and on appeal.

Brad Miller, Asst. Dist. Atty., Oklahoma City, for the State at trial.

Susan B. Loving, Atty. Gen., William L. Humes, Asst. Atty. Gen., Oklahoma City, for appellee on appeal.

## SUMMARY OPINION

CHAPEL, Vice Presiding Judge:

Darrell Dee Cooper was tried by a jury and convicted of Murder in the First Degree in violation of 21 O.S.1991, § 701.7, in the District Court of Oklahoma County, Case No. CF–91–4214. In accordance with the jury's recommendation, the Honorable Virgil C. Black sentenced Cooper to life imprisonment. Cooper has perfected his appeal of this conviction.

Cooper raises the following propositions of error in support of his appeal:

I. The evidence was insufficient to establish an essential element of first degree murder in that it failed to prove Darrell Cooper had the premeditated design to effect the death of Tommy Byus, and thus failed to support a finding of guilt beyond a reasonable doubt.

II. Instruction No. 14, OUJI–CR 205 & 208, does not correctly instruct on the element of intent. Said instruction erroneously created a presumption of intent which violates due process and requires automatic reversal of Darrell Cooper's conviction.

III. Prosecutorial misconduct influenced the verdict against appellant, requiring reversal of Darrell Cooper's conviction.

IV. The court erred in admitting evidence of other crimes and in failing to admonish the jury.

V. The repeated reference to gangs, other bad acts, deserted streets, together with the other numerous instances of prejudice cited in the preceding propositions, denied Darrell Cooper a fair trial.

VI. The court erred in failing to instruct on lesser included offenses of first and second degree manslaughter.

VII. The trial court erred in giving instructions which failed to define the elements of the charge against Darrell Cooper.

VIII. The trial court erred in refusing to suppress the statement made by Darrell Cooper to Detective Damron.

IX. The court erred in ordering a two stage proceeding at which victim impact evidence was presented.

After thorough consideration of the entire record before us on appeal including the original record, transcripts, briefs and exhibits of the parties, we have determined that only Proposition IX has merit.

No Bill of Particulars was ever filed and Cooper could only be sentenced to life

imprisonment or life imprisonment without the possibility of parole. Nonetheless, the State persuaded the trial court to order a second stage for the sole purpose of admitting victim impact evidence before the jury recommended a sentence. No statute allows for such a procedure. Title 21 O.S.Supp. 1992, § 701.10(C), on its face applies only to cases in which the death penalty is sought. This Court has previously held that trial courts may not introduce evidence of aggravating circumstances in cases where the State seeks life without parole, but not death.[1] The same reasoning applies here: section 701.10 clearly allows a second stage sentencing proceeding in order to present evidence of aggravating and mitigating circumstances relevant to the imposition of the death penalty, and allows victim impact evidence to be presented at that proceeding. Nothing suggests that the statute allows, or the legislature intended, a second stage purely for presentation of victim-impact evidence.

Title 22 O.S.Supp.1992, § 984.1, provides that in regular felony cases 1) a victim impact statement may be presented orally or in writing at the sentencing proceeding, and 2) victim impact statements shall be included in the presentence investigation report. Under this statute, the State could have introduced victim impact evidence, but only at Cooper's sentencing hearing. Section 984.1 does not contemplate presenting such information to the jury and certainly does not authorize a separate proceeding in which to do so.

■ There is no law under which the procedure used here could be proper. However, Cooper received the minimum sentence possible. Cooper has been unable to show he was harmed by the inclusion of the erroneous second stage, since he could not have received a lesser sentence on the charged crime had the proper procedure been fol-lowed. As Cooper received the lightest possible punishment, we are unable to conclude that this error was harmful. This Court will not modify or reverse a conviction unless we find some prejudicial effect resulting from error.[2] We strongly admonish trial courts not to continue this procedure, which is unsupported by any statute.

## DECISION

The Judgment and Sentence of the trial court is **AFFIRMED**.

JOHNSON, P.J., and LANE and STRUBHAR, JJ., concur.

LUMPKIN, J., concurs in result.

1. *McCormick v. State,* 845 P.2d 896, 902–3 (Okl. Cr.1993).

2. *McCormick,* 845 P.2d at 903.