2002 OK CR 35

**Osbaldo TORRES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. PCD–2002–1047.

Court of Criminal Appeals of Oklahoma.

Oct. 31, 2002.

21. *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 2 L.Ed. 60 (1803).

Vicki Ruth Adams Werneke, Post–Conviction Attorney, Norman, Oklahoma, Attorney for Petitioner.

No response required for Respondents.

## OPINION DENYING SUBSEQUENT APPLICATION FOR POST–CONVICTION RELIEF, DENYING REQUEST FOR STAY OF EXECUTION, AND DENYING REQUEST FOR EVIDENTIARY HEARING

CHAPEL, Judge:

¶ 1 Osbaldo Torres was tried by jury, convicted of first degree murder and other charges, and received the death penalty in the Oklahoma County District Court, Case No. CF–1993–4302. This Court affirmed Torres's conviction for murder, and the United States Supreme Court denied Torres's petition for certiorari.[1] This Court denied Torres's first Application for Post–Conviction Relief on August 4, 1998.[2] The District Court for the Western District of Oklahoma denied Torres's Petition for Writ of Habeas Corpus on August 23, 2000,[3] and Torres's appeal from that decision is pending in the Tenth Circuit Court of Appeals.[4] On August 20, 2002, Torres filed a second Application for Post–Conviction Relief with this Court.

¶ 2 This Court may not consider the merits of a subsequent application for post-conviction relief "unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in a timely original application or in a previously considered application filed under this section, because the factual or legal basis for the claim was unavailable."[5] A legal basis is unavailable if it (a) either was not previously recognized or could not have been reasonably formulated from a decision of an enumerated appellate court, or (b) is a new rule of constitutional law given retroactive effect by an enumerated appellate court.[6] A factual basis is unavailable if it could not be previously ascertained through the exercise of reasonable diligence.[7]

¶ 3 In both his propositions of error Torres relies on *Ring v. Arizona*,[8] a recent case in which the United States Supreme Court formulated a new rule of constitutional law. In *Ring*, the United States Supreme Court determined that a capital jury must make any factual findings bearing on capital punishment beyond a reasonable doubt.[9] In Proposition I Torres argues that, under *Ring*, this Court may not reweigh the evidence of aggravating circumstances after invalidating an aggravating circumstance. This Court has previously held it has the authority to reweigh aggravating and mitigating circumstances on appeal.[10] Torres argues that decision has been superceded by the *Ring* requirement that capital juries make the factual findings prerequisite to a death sentence. In Proposition II Torres claims the instructions in this case were unconstitutional because jurors were not instructed that aggravating circumstances must outweigh mitigating evidence beyond a reasonable doubt. This Court has repeatedly rejected this claim.

1. *Torres v. State*, 1998 OK CR 40, 962 P.2d 3, *cert. denied*, 525 U.S. 1082, 119 S.Ct. 826, 142 L.Ed.2d 683 (1999).

2. *Torres v. State*, Case No. PCD–1998–213 (Okl. Cr. August 4, 1998) (Order not for publication).

3. *Torres v. Gibson*, Case No. CIV–99–155–R (W.D.Okla. August 23, 2000).

4. *Torres v. Mullen*, Case No. 00–6334.

5. 22 O.S.2001, § 1089(D)(8).

6. 22 O.S.2001, § 1089(D)(9).

7. 22 O.S.2001, § 1089(D)(9).

8. —— U.S. ——, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). We review the claim on its merits. 22 O.S.2001, § 1089(D)(9).

9. *Ring*, —— U.S. at —— – ——, ——, 122 S.Ct. at 2439–40, 2443; *see also Apprendi v. New Jersey*, 530 U.S. 466, 482–83, 120 S.Ct. 2348, 2358–59, 147 L.Ed.2d 435 (2000) (jury must find fact authorizing greater punishment beyond a reasonable doubt).

10. *Sellers v. State*, 1991 OK CR 41, 809 P.2d 676, 691, *cert. denied*, 502 U.S. 912, 112 S.Ct. 310, 116 L.Ed.2d 252.

¶ 4 In Oklahoma, jurors are the actual and ultimate fact-finders throughout both stages of a capital trial. A defendant is only eligible for the death penalty if one or more aggravating· circumstances are present.[11] Where the case is tried to a jury, jurors make the factual findings that aggravating circumstances exist.[12] Jurors must find any aggravating circumstances unanimously beyond a reasonable doubt.[13] At that point, the jury may consider imposing a sentence of death. However, jurors must find that aggravating circumstances outweigh mitigating evidence before imposing a death sentence, and even then jurors are not required to impose death.[14]

¶ 5 Torres argues that Oklahoma jurors should be instructed that aggravating circumstances must outweigh mitigating evidence beyond a reasonable doubt,[15] and that an appellate court may not reweigh aggravating and mitigating evidence in the jury's place. He argues that this weighing process is a substantive element of capital murder. He claims the jury must conduct the weighing process according to the fact-finding standard set forth in *Ring*, and argues that a jury must reweigh the evidence if one aggravating circumstance is found invalid on appeal.

¶ 6 Torres misunderstands the structure of Oklahoma's death penalty statutes. First, a defendant must be found guilty of first degree murder and at least one aggravating circumstance must be alleged.[16] Next, the State must present evidence supporting the aggravating circumstances, and jurors must find at least one aggravating circumstance unanimously beyond a reasonable doubt, before a defendant is eligible for the death penalty.[17] *Ring* describes a substantive element of a capital offense as one which makes an increase in authorized punishment contingent on a finding of fact.[18] Using this description, the substantive element of capital murder in Oklahoma is the jury's finding of the aggravating circumstance necessary to support a capital sentence. It is that finding, not the weighing of aggravating and mitigating circumstances, that authorizes jurors to consider imposing a sentence of death. That is, the increase in punishment from life imprisonment without parole to the death penalty is contingent on the factual finding of an aggravating circumstance.

¶ 7 Oklahoma's provision that jurors make the factual finding of an aggravating circumstance beyond a reasonable doubt is all that *Ring* requires. Once that finding is made, the substantive elements of the capital crime are satisfied. Contrary to Torres's argument, this Court does not engage in fact-finding on a substantive element of a capital crime when reweighing evidence on appeal. The jury has already found the substantive facts—the existence of aggravating circumstances—and this Court does not substitute its judgment for that of the jury's regarding that finding when reweighing. The jury itself, having found an aggravating circumstance, is free to balance aggravating circumstances and mitigating evidence. These propositions are denied.

### Decision

The Subsequent Application for Post–Conviction Relief is **DENIED**.

LUMPKIN, P.J.: concur.

JOHNSON, V.P.J.: concur.

---

**11.** 21 O.S.2001, §§ 701.10, 701.12.

**12.** 21 O.S.2001, § 701.11. A capital jury trial may be waived. 21 O.S.2001, § 701.10(B).

**13.** 21 O.S.2001, § 701.11; Oklahoma Uniform Jury Instructions—Criminal (OUJI–CR) 4–72.

**14.** 21 O.S.2001, § 701.11; OUJI–CR 4–76; OUJI–CR 4–80. Mitigating circumstances do not have to be found unanimously or beyond a reasonable doubt. OUJI–CR 4–78.

**15.** Jurors are instructed they must unanimously find that aggravating circumstances "outweigh" mitigating evidence. OUJI–CR 4–80.

**16.** 21 O.S.2001, § 701.10.

**17.** 21 O.S.2001, §§ 701.10, 701.11.

**18.** *Ring*, —— U.S. at ——, 122 S.Ct. at 2439. *See also Apprendi*, 530 U.S. at 494, n. 19, 120 S.Ct. at 2365, n. 19 (an increase beyond a maximum authorized statutory sentence is the functional equivalent of an element of a greater offense).

STRUBHAR, J.: concur.

LILE, J.: concur.