2003 OK CR 11

**Robert Wayne LAMBERT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. PCD–2002–974.**

Court of Criminal Appeals of Oklahoma.

May 29, 2003.

*ORDER GRANTING POST–CONVICTION RELIEF AND REMANDING TO THE DISTRICT COURT OF CREEK COUNTY FOR A JURY DETERMINATION ON THE ISSUE OF MENTAL RETARDATION*

¶1 Robert Wayne Lambert was tried by jury, convicted of two counts of first degree murder, and received two sentences of death. This Court affirmed Lambert's convictions for murder, and the United States Supreme Court denied certiorari.[1] This Court affirmed the denial of Lambert's first Application for Post–Conviction Relief.[2] Lambert's application for federal habeas corpus relief is pending in the United States District Court for the Northern District of Oklahoma.[3] On October 31, 2002, Lambert filed a Successor Application for Post–Conviction Relief in a Death Penalty Case, and a Request for Evidentiary Hearing on the issues of mental retardation and second-stage jury instructions. This Court remanded Lambert's case for an evidentiary hearing on the issue of mental retardation on November 15, 2002.[4] On December 13, 2002, we held the evidentiary hearing in abeyance and directed the State to respond to Lambert's Successor Application. The State's response was filed March 10, 2003.

¶2 Lambert's *Atkins*[5] claim of mental retardation must be resolved pursuant to the definition of mental retardation as set forth in *Murphy v. State.*[6] For capital purposes, a mentally retarded person is one with significantly limited ability to intellectually and adaptively function in enumerated areas, who has at least one IQ test score of 70 or below, and in whom the retardation manifested itself before age 18.[7] Lambert has raised sufficient evidence to create a question of fact on the issue of mental retardation. In accordance with *Murphy*, we remand this case for a jury determination on the question of mental retardation.[8]

¶3 The proceeding on remand is solely devoted to the question of Lambert's mental retardation. Both parties may call witnesses and present evidence bearing on mental retardation. Lambert's criminal conviction and death sentence are not relevant to this issue. The jury should not hear evidence of the crimes for which Lambert was convicted, unless particular facts of the case are relevant to the issue of mental retardation. Any such evidence should be narrowly confined to that issue.[9] The jury should not hear evidence in aggravation or mitigation of the murders for which Lambert was convicted, or any victim impact evidence. The only issue is whether Lambert meets the *Murphy* definition for mental retardation. The jury shall be convened to discover whether Lambert can show it is more likely than not that he is mentally retarded.

¶4 As the Legislature has not addressed procedures for post-conviction determination of mental retardation on remand, we set forth procedures to be used in these proceedings. The hearing shall be conducted after complete discovery is afforded both parties under the Oklahoma Criminal Discovery Code.[10] The District Court shall empanel

1. *Lambert v.State*, 1999 OK CR 17, 984 P.2d 221, *cert. denied*, 528 U.S. 1087, 120 S.Ct. 816, 145 L.Ed.2d 687 (2000).

2. *Lambert v. State*, No. PCD–1998–739 (Okl.Cr. February 10, 2000) (not for publication).

3. *Lambert v. Mullin*, No. 00–CV–0313 K (N.Dist. Okl.)

4. *Lambert v. State*, No. PCD–2002–794 (Okl.Cr. November 15, 2002) (not for publication).

5. *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) (holding it is unconstitutional to execute mentally retarded persons).

6. 2002 OK CR 32, 54 P.3d 556.

7. *Murphy*, 54 P.3d at 567–68.

8. 22 O.S.2001, § 1089(D)(5).

9. If evidence bearing on mental retardation is available by transcript which was properly admitted in a previous proceeding, evidence of mental retardation may be presented by that transcript. *See* 21 O.S.2001, § 701.10a (4) (authorizing use of previously admitted evidence in capital resentencing trial).

10. 22 O.S.2001, § 2001 *et seq.*

a jury of twelve persons, granting each party nine peremptory challenges.[11] As Lambert has the burden of proof, he shall open his case first, present evidence first, and have the opportunity to present the first and last closing arguments.[12] Each party may have Lambert examined by an expert, and may present that expert testimony in support of the claim that Lambert is or is not mentally retarded by a preponderance of the evidence. The jury shall be instructed using a modified version of the jury instruction provided in *Murphy*.[13] If the jury finds Lambert has shown he is mentally retarded by a preponderance of the evidence, it shall indicate that finding on a verdict form.[14]

¶ 5 The jury's finding will determine the validity of Lambert's capital sentence. If jurors determine Lambert is not mentally retarded, his death sentence will stand. If jurors determine Lambert is mentally retarded, the death sentence cannot stand. The trial court will resentence Lambert to life imprisonment without parole. If there is no unanimous verdict either finding or rejecting mental retardation, the trial court will resentence Lambert to life imprisonment without parole. This is in keeping with the low burden of proof; on a question of this constitutional magnitude, if jurors cannot agree on whether it is more likely than not that Lambert is retarded, Lambert will receive the benefit of that doubt. After the conclusion of the jury proceeding, if the trial court determines that the jury's factual determination was imposed under the influence of passion, prejudice, or any other arbitrary factor, and the trial court finds that, despite an improperly influenced jury determination otherwise, Lambert has shown he was mentally retarded by a preponderance of the evidence, the trial court shall include that conclusion in the findings of fact and conclusions of law to be filed with this Court.[15]

¶ 6 The case is **REMANDED** to the District Court of Creek County for a jury hearing on the issue of mental retardation, in accordance with the procedures set forth in this Order. The hearing shall be held within one hundred twenty (120) days of this Order. The trial court shall file findings of fact and conclusions of law, including the jury's determination and any sentencing disposition, in this Court forty-five (45) days from the conclusion of the jury proceeding.[16]

¶ 7 IT IS SO ORDERED.

¶ 8 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 29th day of May, 2003.

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge
/s/ Steve Lile
STEVE LILE, Vice Presiding Judge (concurring)
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge (concurs in results)

**11.** Lambert has already been convicted of first degree murder, and the determination of mental retardation is not a finding of guilt or innocence. However, to ensure due process and simplicity of procedure, the capital defendant seeking a determination of mental retardation will be afforded the same protections he is given by statute on a charge of first degree murder. Okla. Const. art. II, § 19; 22 O.S.2001, § 655. Provided, however, that since there is no capital issue in the proceedings on remand, the jury shall not be death qualified in the mental retardation trial.

**12.** The Legislature has provided that the party with the burden of proof in a criminal case shall open, present evidence, and close in this order. 22 O.S.2001, § 831.

**13.** 54 P.3d at 570, "Appendix A". Under these circumstances, where jurors are not asked to sentence Lambert but solely to determine the issue of mental retardation, the trial court should start the instruction with Paragraph 2, beginning "You are advised that a person is 'mentally retarded'...." In the fourth paragraph, beginning "If you find ...", only the first and third sentences should be given, omitting the sentences concerning punishment. The fifth paragraph, defining preponderance of the evidence, should be read in its entirety.

**14.** This finding does not violate Oklahoma's constitutional prohibition against special verdicts. Okla. Const. art. 7, § 15. A jury finding on the issue of mental retardation is not a verdict, which goes to a determination of the guilt or innocence of the accused. *Romano v. State*, 1993 OK CR 8, 847 P.2d 368, 385, *aff'd*, 512 U.S. 1, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994); 22 O.S.2001, § 914.

**15.** *Murphy*, 54 P.3d at 569.

**16.** 22 O.S.2001, § 1089(D)(6).

CHAPEL, J., concurring.

¶ 1 I agree with the Court's resolution of this case and the procedures to be used in the proceeding below in all respects, except one. I disagree with requiring the trial court to sentence Lambert to life without parole if he is found to be mentally retarded. I believe this violates Lambert's rights to due process and equal protection of the law.[1] If Lambert is mentally retarded and ineligible for execution, he should be sentenced according to the law governing non-capital first degree murder cases, which provides that he may receive either life imprisonment or life without parole.[2] Oklahoma law provides that, on a remand for resentencing, a non-capital defendant has the right to request a jury for the new sentencing proceeding.[3] I do not believe this Court can lawfully take away a defendant's right to jury sentencing on remand.

LILE, Vice Presiding Judge, concurring.

¶ 1 I agree with the Court's resolution of this case and the procedures to be used; however, I would base one of those procedures upon statutory precedent. Title 21 O.S.2001, § 701.11, provides that if a jury cannot agree on punishment the jury shall be dismissed and the death sentence is not available. In accordance with this statutory scheme, a jury that cannot agree on the defendant's status concerning mental retardation should be dismissed and the death sentence excluded as a possible punishment.

LUMPKIN, Judge: concur in results.

¶ 1 I join Judge Chapel's separate vote concurring in the remand of this case to the District Court of Creek County for a trial to determine if the Appellant is mentally retarded pursuant to *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) and *Murphy v. State*, 2002 OK CR 32, 54 P.3d 556. I agree with Judge Chapel that the State of Oklahoma has granted certain

process which is due a criminal defendant when vacation of a sentence requires a remand for resentencing pursuant to 22 O.S. 2001, § 929 or 21 O.S.2001, § 701.10a. I do not find either of these statutory provisions to be in conflict with 22 O.S.2001, § 1066, which grants this Court the authority to "reverse, affirm or modify the judgment or sentence appealed from and may, if necessary or proper, to order a new trial or resentencing." However, the Court's predetermination in this case that "if the jurors determine Lambert is mentally retarded, ... the trial court will resentence Lambert to life imprisonment without parole" disregards these statutory rights and the status of the case at the present time.

¶ 2 This Court currently has jurisdiction of this case in a pending subsequent application for post-conviction relief. This Court is remanding the case to the district court while that appeal is pending for the limited purpose of holding a trial to determine if Appellant is mentally retarded. Because the subsequent post-conviction application is pending in this Court and the remand is for determining if Appellant is mentally retarded, the district court is without jurisdiction to resentence Appellant until and unless, after the trial on mental retardation, this Court in its decision on the pending appeal orders the case remanded for resentencing pursuant to either 22 O.S.2001, § 929 or 21 O.S.2001, § 701.10a. However, upon review of the record and verdict from the trial on mental retardation, this Court would be empowered pursuant to 22 O.S.2001, § 1066, to either modify the sentence or remand for resentencing in the district court.

¶ 3 While the Court's direction in this order is the model of efficiency in directing the district court to sentence Appellant to life imprisonment without parole if the trier of fact finds him to be mentally retarded, it denies the Appellant certain statutory rights. Granted, if the Appellant were remanded for

---

1. U.S. Const., Amend. V, XIV; Okla. Const. Art. 2, § 7.

2. 21 O.S.2001, § 701.9. No evidence in aggravation or mitigation, or victim impact evidence should be considered. *Malone v. State*, 2002 OK CR 34, 58 P.3d 208, 210; *Cooper v. State*, 1995

OK CR 22, 894 P.2d 420, 422; 22 O.S.2001, § 984.1.

3. 22 O.S.2001, § 929(B)(2)(resentencing in non-capital cases). A capital defendant also has the right to jury resentencing proceeding on remand. 21 O.S.2001, § 701.10a.

a resentencing trial he would not be able to put on mitigating evidence and the State would not be able to present aggravating evidence if a jury trial were demanded. However, if the Appellant elected to be re-sentenced by a judge, he would have the opportunity to put on mitigating evidence. *See Malone v. State,* 2002 OK CR 34, 58 P.3d 208, 209; *Cooper v. State,* 1995 OK CR 22, 894 P.2d 420, 422; *McCormick v. State,* 1993 OK CR 6, 845 P.2d 896, 902–3. Those are rights granted by statute if the district court is going to be the resentencing venue on remand. Before the district court is empow-ered to act, this Court must first decide after review of that trial record, pursuant to 22 O.S.2001 1066, whether to reverse, affirm or modify the judgment or sentence and wheth-er to remand to the district court for resen-tencing. Therefore, I cannot agree with the extralegal directive of the order for the dis-trict court to resentence the Appellant to life imprisonment without parole if he is found to be mentally retarded.