2003 OK CR 16

**Darrin Lynn PICKENS, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. PCD 2002–983.**

Court of Criminal Appeals of Oklahoma.

July 23, 2003.

***ORDER DENYING POST–CONVICTION RELIEF ON PROPOSITION TWO; ORDER GRANTING POST–CONVICTION RELIEF ON PROPOSITION ONE AND REMANDING TO THE DISTRICT COURT OF CREEK COUNTY FOR A JURY DETERMINATION ON THE ISSUE OF MENTAL RETARDATION***

¶ 1 Petitioner, Darrin Lynn Pickens, was convicted by a jury in Creek County District Court, Case No. CF 1990–66, of First Degree Murder, while in the commission of Robbery with a Dangerous Weapon, in violation of 21 O.S.Supp.1989, § 701.7 (Count 1) and Feloniously Carrying a Firearm, in violation of 21 O.S.Supp.1989, § 1283 (Count 2). The jury set punishment at death on the murder conviction and at ten (10) years imprisonment on Count 2.[1] We affirmed Petitioner's conviction and death sentence for Murder in the First Degree, but we reversed Petitioner's conviction for Robbery with a Dangerous Weapon and remanded for a new trial. *Pickens v. State*, 2001 OK CR 3, 19 P.3d 866. Petitioner's first Application for Post–Conviction Relief was denied. *Pickens v. State*, PCD 2000–285 (Okl.Cr. August 30, 2001)(not for publication). His Petition for Writ of Certiorari was denied by the United States Supreme Court on June 28, 2002. *Pickens v. Oklahoma*, 536 U.S. 961, 122 S.Ct. 2668, 153 L.Ed.2d 842 (2002).

¶ 2 On October 14, 2002, Petitioner filed a Second Application for Post–Conviction Relief, pursuant to 22 O.S.2001, § 1089. Accompanying Petitioner's Application was a Motion for Evidentiary Hearing, filed pursuant to Rule 9.7(D), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2002).

■ ¶ 3 In this second Application for Post–Conviction Relief, Petitioner raises two claims:

1. In light of the Supreme Court's recent ruling that executions of the mentally retarded are cruel and unusual punishment, Petitioner's death sentence should be vacated and modified to a non-capital sentence. In the alternative, this case should be remanded for an evidentiary hearing to determine whether Petitioner's mental disabilities bar his execution, and

2. The trial court's failure to instruct the jury that a critical factor in the sentencing stage had to be found beyond a reasonable doubt deprived Mr. Pickens of a fair sentencing determination in violation of the Oklahoma Constitution and the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

¶ 4 Petitioner seeks review of Proposition Two on the merits as *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) set forth a new rule of constitutional law that was unavailable at the time of Petitioner's original Application for Post–Conviction Relief. *See* Rule 9.7(D) & (G), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2002). Petitioner claims the jury instructions in his case were unconstitutional under the standard set forth in *Ring*,[2] because the jurors were not instructed it must find the aggravating circumstances outweighed the mitigating circumstances beyond a reasonable doubt. Petitioner argues the weighing determination is the essence of the decision the jury must make to impose the death penalty and thus must be proved beyond a reasonable doubt. Petitioner claims the failure to instruct the jury it must find the aggravating circumstances outweigh the mitigating evidence beyond a reasonable doubt "infects the very structure" of the capital sentencing proceeding and can never be harmless.

■ ¶ 5 We considered and rejected this claim in *Torres v. State*, 2002 OK CR 35, 58 P.3d 214. There, we recognized the substan-

---

1. The jury found the following aggravating circumstances: (1) that Pickens had previously been convicted of a felony involving the use or threat of violence against the person; (2) that the murder was committed for the purpose of avoiding or preventing lawful arrest or prosecution; and (3) that there existed the probability that Pickens would commit criminal acts of violence that would constitute a continuing threat to society.

2. In *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 2439–40, 153 L.Ed.2d 556 (2002), the United States Supreme Court held that a capital jury must make any factual findings bearing on capital punishment beyond a reasonable doubt.

tive element of capital murder in Oklahoma is the jury's finding of at least one aggravating circumstance necessary to support a capital death sentence. *Torres,* 2002 OK CR 35, ¶¶ 6–7, 58 P.3d at 215. "It is that finding, not the weighing of aggravating and mitigating circumstances, that authorizes jurors to consider imposing a sentence of death." *Id.* The increase in punishment from life imprisonment without the possibility of parole to death is contingent on the factual finding of an aggravating circumstance beyond a reasonable doubt. *Id.*

¶ 6 The requirement set forth in *Ring* is satisfied by Oklahoma law which requires the jury to unanimously find any aggravating circumstance beyond a reasonable doubt. *Id.* The instructions given in the second stage of Pickens' trial satisfied this requirement and did not violate either the federal or Oklahoma constitutions. *See* Exhibit G, filed in support of Application. Therefore, post-conviction relief on Proposition Two is not warranted.

■ ¶ 7 Petitioner argues review of Proposition One is authorized by Section 1089(D)(9), because the legal basis for the claim "was not recognized by" a final decision of the United States Supreme Court, until that Court's decision in *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). Prior to that decision, the execution of the mentally retarded was not considered cruel and unusual punishment under the Eighth and Fourteenth Amendments. *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989). We rejected this claim in Petitioner's direct appeal based upon the *Penry* decision. *Pickens,* 2001 OK CR 3, ¶ 51, 19 P.3d at 883. We agree with Petitioner that review of this claim on the merits in this subsequent post-conviction application is authorized by the plain language of Section 1089(D)(9).

■ ¶ 8 We also review this claim as a "new rule of constitutional law that was given retroactive effect by the United States Supreme Court or a court of appellate jurisdiction of this state and had not been announced before that date." 22 O.S.Supp.1998, § 1089(D)(9). In *Teague v. Lane,* 489 U.S. 288, 311, 109 S.Ct. 1060, 1075–1076, 103 L.Ed.2d 334 (1989), the Supreme Court held that new constitutional rules of criminal procedure would not be retroactively applied unless they (a) place "certain kinds of primary, private individual conduct beyond the power of the criminal law making authority to proscribe," or (b) are watershed rules of criminal procedure that implicate the fundamental fairness of the trial. In *Penry,* the Supreme Court specifically acknowledged that if it held that the Eighth Amendment prohibits the execution of mentally retarded persons such as Penry, we would be announcing a "new rule." *Penry,* 492 U.S. at 329, 109 S.Ct. at 2952. Such a new rule would "impose a new obligation on the States and Federal Government." *Id.*

■ ¶ 9 It is clear the United States Supreme Court recognized a new constitutional rule barring the execution of the mentally retarded would fall outside *Teague*'s ban on retroactive application of new constitutional rules because it placed the State's ability to execute that class of persons beyond the State's power. *Penry,* 492 U.S. at 330, 109 S.Ct. 2934; *Hill v. Anderson,* 300 F.3d 679, 681 (6th Cir.2002). In *Murphy v. State,* 2002 OK CR 32, ¶ 28, 54 P.3d 556, we recognized that, in light of *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), mentally retarded persons are no longer eligible for the death penalty. *Murphy* clearly shows this Court's intention to apply *Atkins* retroactively to those persons already on death row. *Murphy* at ¶ 36, 54 P.3d at 569.

¶ 10 We initially remanded this case for an evidentiary hearing on the issue of mental retardation. *See* Order Granting Motion for Evidentiary Hearing on Proposition One of Second Application for Post–Conviction Relief, *Pickens v. State,* PCD 2002–983 (Okl.Cr. November 19, 2002)(not for publication). We thereafter ordered the evidentiary hearing held in abeyance and directed the State to respond to Pickens' Second Application for Post–Conviction Relief. *See* Order Granting Motion to Hold Order Granting Evidentiary Hearing in Abeyance; Order Directing Response, *Pickens v. State,* PCD 2002–983 (Okl. Cr. December 13, 2002)(not for publication). The State of Oklahoma filed its Response on February 14, 2003.

■ ¶ 11 Petitioner's *Atkins* claim of mental retardation must be resolved pursu-

ant to the definition of mental retardation set forth in *Murphy*, 2002 OK CR 32, ¶ 31, 54 P.3d at 556–557. For capital purposes, a mentally retarded person is one with significantly limited ability to intellectually and adaptively function in certain enumerated areas, who has at least one IQ test score of seventy (70) or below, and in whom the retardation manifested itself before the age of eighteen (18). *Id.* We find Petitioner has raised sufficient evidence to create a question of fact on the issue of mental retardation and hereby **GRANT** post-conviction relief on Proposition One. In accordance with *Murphy*, we remand this case for a jury determination on the question of mental retardation. 22 O.S.2001, § 1089(D)(5).

¶ 12 We recently set forth the procedure to be followed on remand in *Lambert v. State*, 2003 OK CR 11, ¶¶ 3–5, 71 P.3d 30, 31–32, and that same procedure should be followed in this case.

¶ 13 Accordingly, as set forth in this Order, post-conviction relief is **DENIED** on Proposition Two and **GRANTED** on Proposition One. It is the order of this Court that this case be **REMANDED** to the District Court of Creek County for a jury hearing on the issue of mental retardation, in accordance with the procedures set forth in *Lambert*. The hearing shall be held within one hundred and twenty (120) days from the date of this Order. The trial court shall file findings of fact and conclusions of law, including the jury's determination and any sentencing disposition, in this Court within forty-five (45) days from the conclusion of the jury proceeding. 22 O.S.2001, § 1089(D)(6).

¶ 14 **IT IS SO ORDERED.**

¶ 15 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 23rd day of July, 2003.

/s/ Charles A. Johnson.
CHARLES A. JOHNSON, Presiding Judge.
/s/ Steve Lile.
STEVE LILE, Vice Presiding Judge.
/s/ Gary L. Lumpkin.
GARY L. LUMPKIN, Judge.
/s/ Charles S. Chapel.
CHARLES S. CHAPEL, Judge.
/s/ Reta M. Strubhar.
RETA M. STRUBHAR, Judge.

LUMPKIN, Judge, Dissents.

¶ 1 Remanding this case for a jury determination on the issue of mental retardation is premature at this time and essentially "skips a step" in the *Murphy* analysis. In support of his claim, Petitioner has presented the following: 1) a copy of his first application for post-conviction relief showing the issue of his mental retardation has been raised previously; 2) a copy of the trial testimony of Dr. Hesson concerning his expert opinion on Petitioner's mental age and the contributing factors to that conclusion; 3) an affidavit from Dr. Mark Cunningham, Ph.D., concerning his June 2001 evaluation of Petitioner and his findings that before Petitioner was 18 years old he had IQ test scores ranging from 70 to 77, he had significant deficits in communication capabilities and social/interpersonal skills, and he was placed in Educable Mentally Handicapped classes in school. Also included is an affidavit from Leatha Brannon, a correctional teacher at the Jackie Brannon Correctional Center, wherein she states that while Petitioner was incarcerated at the center he struggled to learn and that she did not have any problems with Petitioner.

¶ 2 The evidence set forth above is not the quantum of evidence presented in *Lambert*[1] which warranted a remand for a jury determination on the question of mental retardation. The information provided to this Court at this point is not sufficient to create a question of fact on Petitioner's mental retardation. It is sufficient only to warrant remanding this case to the trial judge for an evidentiary hearing on the issue of mental retardation. While we remanded the case for that purpose, such an evidentiary hearing has not been held in this case due to the stay subsequently entered by this Court. To hold such a hearing at this juncture provides both parties the opportunity to fully present evidence in an adversarial proceeding as to whether Petitioner has raised sufficient evidence (at trial, on appeal, or at the evidentiary hearing) of his mental retardation, in accordance with the definition set forth in

---

1. *Lambert v. State*, 2003 OK CR 11, 71 P.3d 30.

*Murphy.* If sufficient evidence is presented, then the issue of mental retardation can be decided as a question of fact by a jury at a trial. While the evidence presented may ultimately warrant a jury determination of the issue of Petitioner's mental retardation and the appropriateness of his sentence, this Court needs to review written findings of fact and conclusions of law prepared by the trial judge to make that decision and not merely the scant information provided by Petitioner in this second application for post-conviction relief. Accordingly, I dissent.