2003 OK CR 25

**Gilberto MARTINEZ, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No.  PCD–2002–972.**

Court of Criminal Appeals of Oklahoma.

Nov. 13, 2003.

### ORDER GRANTING POST–CONVICTION RELIEF AND REMANDING TO THE DISTRICT COURT OF TILLMAN COUNTY FOR JURY DETERMINATION ON THE ISSUE OF MENTAL RETARDATION

¶ 1 Petitioner Gilberto Martinez was convicted of two counts of First Degree Murder in the District Court of Tillman County, Case No. CRF–87–48, and sentenced to death. He appealed his conviction to this Court. We reversed and remanded for a new trial, finding Petitioner had been denied the right of confrontation and had not received an instruction on the sentencing option of life without parole. *Martinez v. State*, 1995 OK CR 52, 904 P.2d 138.

¶ 2 Petitioner was retried in April of 1997. He was again convicted of two counts of First Degree Murder and sentenced to death. He appealed, and this Court affirmed his conviction and sentence. *Martinez v. State*, 1999 OK CR 33, 984 P.2d 813. Petitioner then filed his Application for Post–Conviction Relief, which we denied. *Martinez v. State*, 1999 OK CR 47, 992 P.2d 426.

¶ 3 Petitioner then filed his "Successor Application for Post–Conviction Relief" with this Court raising issues relating to, among other things,[1] the United States Supreme Court's landmark decision in *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) and this Court's decision in *Murphy v. State*, 2002 OK CR 32, 54 P.3d 556. Petitioner was granted an evidentiary hearing for the purpose of resolving "all factual disputes raised" in his successor application relating solely to his claim of mental retardation.

¶ 4 Petitioner' s evidentiary hearing was held on June 11, 2003 before the District Court of Tillman County, the Honorable David A. Barnett, Associate District Judge presiding. On July 1, 2003, Judge Barnett submitted his evidentiary hearing findings to this Court. Thereafter, the parties each submitted briefs outlining their respective positions on the issue at hand.

¶ 5 In *Murphy*, we set forth our three-prong definition of mental retardation. *See* 2002 OK CR 32, ¶ 31, 54 P.3d at 566–67. Along that line, we instructed the District Court in the instant case, upon remand and consistent with *Murphy*, to determine if Petitioner Martinez had raised "sufficient evidence at trial, on appeal, or at the evidentiary hearing of his mental retardation for the issue of mental retardation to be decided as a question of fact by a jury at a resentencing hearing."

¶ 6 As *Murphy* explained, sufficient evidence means enough evidence to create a fact question on the issue of whether Petitioner is mentally retarded according to *Murphy*'s definition. 2002 OK CR 32, ¶ 39, 54 P.3d at 569, n. 27. Furthermore, as *Murphy v. State (Murphy II)*, 2003 OK CR 6, ¶ 12, 66 P.3d 456, 457, explained:

> "sufficient evidence" is essentially the legal equivalent of a defendant making a *prima facie* showing of mental retardation with his or her evidence. *Prima facie* evidence has been defined as "[e]vidence good and sufficient on its face; such evidence as, in the judgment of the law, is sufficient to establish a given fact, or the group or chain of facts constituting the party's claim or defense, and which if not rebutted or contradicted, will remain sufficient."

With these understandings, we now turn to the instant case.

¶ 7 The District Court's findings with respect to Petitioner Martinez's evidentiary hearing and claim of mental retardation are thorough, well explained, and for the most part supported by the record. It is clear the trial court sifted through the evidence and

---

1. Appellant has also raised a *Ring/Apprendi* claim in his Successor Post–Conviction Application. However, that claim is denied, consistent with our recent decisions rejecting similar claims, including *Murphy*, 2002 OK CR 32, ¶ 24, 54 P.3d at 565.

made well-reasoned legal and factual determinations regarding the evidence presented and the three *Murphy* prongs.

¶ 8 The trial court found sufficient evidence existed in the record to create a question of fact concerning the first prong of the *Murphy* definition of mental retardation. However, the trial court found "insufficient evidence exists to create a question of fact" as to the second and third prongs of the mental retardation definition, i.e., whether mental retardation manifested before the age of eighteen and whether Petitioner has significant limitations in adaptive functioning.

■ ¶ 9 Nevertheless, the straightforward question here is *not* whether the trial court's findings are supported by the record. Rather, we simply ask whether or not a fact question has been raised regarding the issue of mental retardation under this record. Or, stated differently, has Petitioner made a *prima facie* showing of mental retardation with his evidence—such a showing that, if not rebutted, would establish his claim.

■ ¶ 10 We recognize that trial courts have been struggling to a certain degree to understand their role in these remanded evidentiary hearings. Accordingly, we want to be clear that the focal question in these remanded evidentiary hearings on mental retardation does not require adjudication to the extent provided by the District Court's meticulous findings. The *Murphy* remanded evidentiary hearing is a fact-finding mission, not a mini-trial. It is an opportunity for those who have fairly raised the issue of mental retardation in previous proceedings to bring all their evidence together, and to supplement it where necessary. Where a fact question is found, a jury then steps in to determine the issue at hand.

¶ 11 Therefore, in most instances, when the State feels obligated to bring forth contradicting and rebutting evidence in a *Murphy* remanded evidentiary hearing, a question of fact has already been established.

¶ 12 That is the case here. We find sufficient admissible evidence exists in the record to create a fact question regarding all three prongs of the *Murphy* definition.[2] Accordingly, this matter must be remanded to the District Court of Tillman County for a jury determination on the issue of mental retardation.

¶ 13 Regarding the remanded jury determination of the issue of mental retardation, the parties are hereby instructed to follow the procedures outlined by this Court in *Lambert v. State*, 2003 OK CR 11, 71 P.3d 30.

¶ 14 This case is therefore **REMANDED** to the District Court of Tillman County for a jury trial, unless waived, on the issue of Petitioner's claim of mental retardation, in accordance with those procedures outlined in *Lambert.* The trial shall be held within one hundred twenty (120) days of this Order. The trial court shall file findings of fact and conclusions of law, including the jury's determination in this Court within thirty (30) days from the conclusion of the jury proceeding. Thereafter, the parties may file a brief of no more than ten (10) pages concerning the issue of mental retardation within fifteen (15) days from the filing of the trial court's findings of fact and conclusions of law.

¶ 15 **IT IS SO ORDERED.**

---

2. Petitioner has submitted two IQ tests, showing a full scale IQ in the 62 to 63 range. One issue, which will surely be addressed at the remanded jury determination on mental retardation, is the possible impact of Defendant's 1998 brain surgery, for Petitioner had a previous IQ test in which he scored in the borderline range. Mental retardation is not an after-acquired condition, but one present from birth. Nevertheless, Petitioner's recent IQ tests, an affidavit from Dr. Hand stating the recent testing was more reliable, and statements from three experts indicating their opinions that mental retardation was a longstanding problem that had manifested before the age of eighteen are sufficient to create questions of fact on the first two mental retardation prongs. Regarding the third prong, we find sufficient admissible evidence exists to create a fact question as to Petitioner's adaptive functioning in the areas of communication, self-care, social/interpersonal skills, home living, academics, use of community resources, and work.