2004 OK CR 4

**Maximo Lee SALAZAR, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**Nos. PCD 2002-984, PCD–2003–1220.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 2004.

---

## ORDER GRANTING EXTENSION RE-QUEST, SETTING FORTH APPEAL GUIDELINES, AND ESTABLISHING DUE DATES FOR BRIEFS

¶1 On June 11, 2003, this Court granted post-conviction relief in an unpublished order in the above-referenced matter, thereby remanding the case to the District Court of Comanche County for a jury determination on the issue of mental retardation. The jury hearing on mental retardation was held from September 2nd through September 5th, 2003, before the Honorable Allen McCall, District

Judge. At that hearing, the jury found Petitioner is not mentally retarded.

¶ 2 On September 10, 2003, before Judge McCall had even filed his Findings of Fact and Conclusions of Law (including the jury's determination on mental retardation), Petitioner filed a Notice of Intent to Seek Review and Designation of Record. Judge McCall then filed his Findings of Fact and Conclusions of Law in this Court on November 3, 2003.

■ ¶ 3 Thereafter, Petitioner filed a Second Notice of Intent to Seek Review and Designation of Record on November 7, 2003. He was erroneously given a new post-conviction appeal number, PCD–2003–1220.[1] Counsel for Petitioner then filed (on November 12, 2003 in this appeal and on December 17, 2003 in PCD–2003–1220) his Petition in Error and a Verified Motion for Extension of Time to File Brief and Request Clarification of Rules for Seeking Review after *Lambert* Mental Retardation Trial. Petitioner later filed a fifty-one (51) page Brief with Combined Motion for New Trial both in this appeal and PCD–2003–1220.[2]

¶ 4 Recently, in *Martinez v. State*, 2003 OK CR 25, 80 P.3d 142, ¶ 14, this Court required the trial court to file Findings of Fact and Conclusions of Law within thirty (30) days from the conclusion of the jury proceeding on the issue of mental retardation. The Court also allowed parties the option of filing a brief of no more than ten (10) pages on the issue of mental retardation within fifteen (15) days from the filing of the trial court's Findings of Fact and Conclusions of Law. However, in *Lambert v. State*, 2003 OK CR 11, 71 P.3d 30, ¶ 6, we required the trial court to file Findings of Fact and Conclusions of Law within forty-five (45)

days from the conclusion of the jury proceeding and did not further discuss the filing of follow-up briefs.

¶ 5 Petitioner seeks clarification of the appellate procedure for appealing to this Court following remand for a jury determination on the issue of mental retardation, noting the differing procedures set forth in *Lambert* and *Martinez*. He further requests this Court establish guidelines for appeals from post-conviction jury determinations on mental retardation.

¶ 6 Petitioner's requests reveal his failure to recognize his post-conviction application is still pending in this Court, and his remanded hearing on the issue of mental retardation was part of that post-conviction proceeding. However, we do recognize that the procedures on remand should be applied uniformly to cases of this type.

■ ¶ 7 **THEREFORE,** the following procedures shall apply in all post-conviction cases where relief has been granted by allowing the defendant a remanded jury determination on the issue of mental retardation:

1. The district court shall file its Findings of Fact and Conclusions of Law, including the jury's determination and any sentencing disposition, in this Court within thirty (30) days from date the jury's verdict is entered;

2. There is no right of appeal from the remanded jury determination separate and apart from the pending post-conviction appeal;[3]

3. The court reporter shall prepare and file the transcripts of the hearings within thirty (30) days from the date of the jury hearing. The district court clerk shall

---

1. As clearly established in *Lambert v. State*, 2003 OK CR 11, 71 P.3d 30, ¶ 5, there is no new right to appeal established when a person is granted post-conviction relief and allowed a remanded jury determination on the question of mental retardation. Rather, the post-conviction application remains pending with this Court, and the parties are allowed the opportunity to address issues arising from the hearing on mental retardation in the same post conviction case from which relief has been granted, by filing a supplemental brief after the District Court has filed its Findings of Fact and Conclusions of Law.

2. There is no statute or Court rule that allows one to file a Motion for New Trial in a post-conviction remanded evidentiary hearing. Therefore, the motion is DENIED.

3. Accordingly, PCD–2003–1220 is HEREBY DISMISSED and all documents filed in that proceeding shall be transferred to the instant appeal, PCD–2002–984.

prepare and file the district court record, including the transcripts, within forty-five (45) days from the date of the jury hearing. Extensions of time in accordance with Rules 3.2(C)(2) and 9.2(C), *Rules of the Court of Criminal Appeals,* Title 22, Ch.18, App. (2003), may be requested.

4. Both parties may file a supplemental brief in response to the determination on mental retardation within twenty (20) days from the filing of the Findings of Fact and Conclusions of Law or the filing of the transcripts of the hearing, whichever is later. Briefs shall not exceed twenty (20) typewritten, 8½ × 11 inch pages in length, and shall not use more than twelve (12) characters per inch in the body of the brief. *See* Rule 3.5(E), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2003).

Due to the limited application for this procedure, it does not require an addition to our Rules. Instead, this uniform process will be included in all future orders of this type entered by this Court.

■ ¶ 8 In this case, over sixty (60) days have passed since Petitioner's jury determination on mental retardation. The trial court's Findings of Fact and Conclusions of Law were filed in this case on November 3, 2003. The original record and transcripts were filed in PCD–2003–1220 on December 19, 2003, but shall now be transferred to the instant appeal.

¶ 9 Accordingly, Petitioner's Motion for Extension of time to file brief is hereby **GRANTED** and both parties are granted twenty (20) days from the date of this Order to file a brief in accordance with this order.[4] In all future cases involving post-conviction review of jury determinations, the procedure set forth above shall apply.

¶ 10 **IT IS SO ORDERED.**

4. We recognize Petitioner filed a Brief in this matter on January 15, 2004. However, that Brief will not be considered by this Court, and

¶ 11 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 29th day of January, 2004.

/s/Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge
/s/Steve Lile
STEVE LILE, Vice Presiding Judge
/s/Gary L. Lumpkin
GARY L. LUMPKIN, Judge
/s/Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/Reta M. Strubhar
RETA M. STRUBHAR, Judge

Petitioner should revise that Brief to conform to the guidelines set forth above.