2004 OK CR 13

**Richard Eugene HAMMON, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. PCD–2002–971.**

Court of Criminal Appeals of Oklahoma.

Feb. 26, 2004.

**ORDER**

¶ 1 Petitioner, Richard Eugene Hammon, was convicted at jury trial of Murder in the First Degree (21 O.S.Supp.1997, § 701.7) in the District Court of Okmulgee County, Case No. CRF–90–144. The jury found the exis-

tence of the following four (4) aggravating circumstances: 1) Petitioner was previously convicted of a felony involving the use or threat of violence to the person; 2) Petitioner knowingly created a great risk of death to more than one person; 3) the murder was committed for the purpose of avoiding or preventing a lawful arrest or prosecution; and 4) there existed a probability that Petitioner would commit acts of violence constituting a continuing threat to society. The trial court followed the verdict of the jury and sentenced Petitioner to death. The sentence was affirmed by this Court in *Hammon v. State*, 2000 OK CR 7, 999 P.2d 1082.[1] Certiorari was denied on January 8, 2001. *Hammon v. Oklahoma*, 531 U.S. 1090, 121 S.Ct. 812, 148 L.Ed.2d 697 (2001). Petitioner's original application for post conviction relief was denied on October 26, 2000, in an unpublished opinion.[2]

¶ 2 Petitioner filed a Successor Application for Post–Conviction Relief following the United States Supreme Court decisions in *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). We concluded that Petitioner was entitled to relief on his claim under *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), and *Murphy v. State*, 2002 OK CR 32, 54 P.3d 556. Accordingly, Petitioner's case was remanded to the district court for a jury trial to determine the issue of mental retardation in accordance with the guidelines set forth in *Lambert v. State*, 2003 OK CR 11, ¶¶ 4–5, 71 P.3d 30, 31–32. The trial court was instructed that if Petitioner was found to be mentally retarded then he was not subject to the death penalty and the trial court should modify Petitioner's sentence to imprisonment for life without the possibility of parole. If Petitioner was not found to be mentally retarded, then that fact should be reported to this Court for further action.

¶ 3 On January 14, 2004, the Honorable John Maley, District Judge, Okmulgee County, filed findings of fact and conclusions of

---

1. Hammon's sentence had previously been reversed and remanded for resentencing in *Hammon v. State*, 1995 OK CR 33, 898 P.2d 1287.

2. Court of Criminal Appeals Case No. PCD–1999–594.

law with this Court. Judge Maley reported that the parties waived jury trial on the issue of mental retardation, and the parties stipulated the fact that Petitioner's allegations of mental retardation were true and further trial was unnecessary.[3] Judge Maley reviewed the factual basis supporting the claim of mental retardation and found that the claim was factually supported. He concluded that Petitioner is mentally retarded as defined by this Court in *Murphy v. State,* 2002 OK CR 32, ¶ 31, 54 P.3d 556, 567–68, and that execution of Petitioner would constitute cruel and unusual punishment in violation of the Oklahoma Constitution and the United States Constitution.

¶ 4 After the trial court determined that Hammon was mentally retarded, it sentenced him to life without the possibility of parole pursuant to the dictates of *Lambert v. State,* 2003 OK CR 11, ¶¶ 5–6, 71 P.3d at 32, and our order remanding this case. Hammon objected, on the record, that the sentencing option of life (with the possibility of parole) was not available to the trial court. The trial court informed Hammon of his right to appeal the sentence by filing the proper documents within ten days.

¶ 5 The trial court ordered that the death warrant filed in this case be "vacated, set aside, and of no legal effect."

## CONCLUSION

¶ 6 Hammon was found mentally retarded in the trial court after remand from this Court. The trial court sentenced him to Life Without the Possibility of Parole. We concur with the trial court's actions and find that the actions were in conformity with the law. The proceedings under this case number are now concluded.

¶ 7 **IT IS SO ORDERED.**

**3.** Petitioner was represented by Laura M. Arledge and Bryan Lester Dupler of the Oklahoma Indigent Defense System. The State was represented by Okmulgee County District Attorney Tom Guilioli. In *Martinez v. State,* 2003 OK CR 25, ¶ 14, 80 P.3d 142, 144, this Court specifically allowed for the waiver of jury trial on the issue of

¶ 8 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 26th day of February, 2004.

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge

/s/ Steve Lile
STEVE LILE, Vice Presiding Judge (specially concurs)

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge (specially concurs)

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge (concurring with writing attached)

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge

CHAPEL, Judge, concurring.

¶ 1 I agree that the stipulation agreed to by the parties resolves the mental retardation issue and that Judge Maley's Findings of Fact and Conclusions of Law on remand are entirely consistent with this Court's procedures. However, as I indicated in my concurring opinion in *Lambert,*[1] it is my judgment that Hammon must now be resentenced according to the law governing non-capital first degree murder cases, which provides that he may receive either life imprisonment or life without parole.[2] I continue to believe that this Court cannot lawfully take away Hammon's right to be sentenced upon remand in accordance with Oklahoma Statutes. However, I assume this issue will be addressed in Hammon's appeal from his sentence.

LUMPKIN, Judge: specially concur.

¶ 1 This is exactly the kind of action anticipated by the original language in *Murphy v. State,* 2002 OK CR 32, 54 P.3d 556, i.e. "unless the parties enter into a stipulation on this issue at trial or prior to trial ...". However, due to the group dynamics often present in the writing of appellate opinions,

mental retardation. Therefore, we find that the procedure taken in this case was proper.

**1.** *Lambert v. State,* 2003 OK CR 11, 71 P.3d 30, 33 (Chapel, concurring).

**2.** 22 O.S.2001, § 929(B)(2).

the language was changed to "unless the issue of mental retardation is resolved prior to trial ...". *Id.* at ¶ 32. Had that original language been left in place, the Court would not be facing the issues, arising from confusion created by the less definitive language, that are currently pending. I firmly believe that both defense attorneys and prosecutors will readily recognize those cases where mental retardation is clear and a stipulation should be entered. In those cases raising a question of fact, the issue should and will be determined by a jury, unless waived.