2000 OK CR 19

Ronald Dunaway FLUKE, Appellant,

v.

STATE of Oklahoma, Appellee.

No. D–98–1237.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 2000.

Pete Silva, Chief Public Defender, Ron Wallace, First Assistant Public Defender, Barry Derryberry, Assistant Public Defender, Tulsa, OK, for Defendant at trial.

Sharon Ashe, First Asst. District Attorney, Mark Collier, Assistant District Attorney, Tulsa, OK, for the State at trial.

Pete Silva, Chief Public Defender, Barry L. Derryberry, First Assistant Public Defender, Ron Wallace, Assistant Public Defender, Tulsa, OK, Standby Counsel for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Seth S. Branham, Assistant Attorney General, Oklahoma City, OK, for Appellee on appeal.

## *OPINION*

CHAPEL, Judge:

¶ 1 Ronald Dunaway Fluke entered pleas of guilty to three counts of First Degree Murder in violation of 21 O.S.1991, § 701.7, in the District Court of Tulsa County, Case No. CF–97–4924. In the middle of jury selection on September 23, 1998, and against the advice of counsel, Fluke decided to plead guilty to the murders of his wife and two adolescent daughters rather than continue with his trial. The Honorable Thomas Gillert accepted Fluke's guilty pleas despite defense counsel's assertion that he believed his client was presently incompetent, and the pleas were memorialized in writing the next day. The state then presented evidence in support of its alleged aggravating circumstances. The trial court conducted a *Wallace*[1] hearing the following day, September 25, 1998, found Fluke understood the conse-

---

1. *Wallace v. State,* 1995 OK CR 19, 893 P.2d 504, *cert. denied,* 516 U.S. 888, 116 S.Ct. 232, 133 L.Ed.2d 160.

quences of waiving the presentation of mitigating evidence, and continued sentencing to October 2, 1998. On October 2nd, the defense called an expert, Dr. Ann Taylor, to testify that Fluke was presently incompetent[2] and the proceedings were again postponed to October 12, 1998. On October 12th, the trial court held a short hearing during which it incorporated Dr. Taylor's October 2nd testimony into the record and asked Fluke a few questions. At the conclusion of this hearing, the trial court found Fluke competent and sentenced him to death on each of three counts of Murder in the First Degree. On October 19, 1998, the trial court held a *Grasso*[3] hearing and determined Fluke was also competent to waive his capital direct appeal.

¶ 2 Fluke filed his Brief on Capital Mandatory Sentence Review on October 12, 1999. This Brief and Fluke's mandatory sentence review are now before the Court. Proposition I of that brief alleged that the trial court erred by denying Fluke's request for determination of competency. This Proposition has been largely addressed by our March 30, 2000, Order remanding the case for further hearings on the issue of Fluke's competency.[4] That Order directed the district court to have Fluke evaluated by an independent mental health professional for purposes of aiding the judge in his determination of the following issues: was Fluke competent when he entered his guilty pleas and waived presentation of mitigating evidence during the *Wallace* hearing, and is he presently competent to waive his capital direct appeal. In accordance with our Order, the trial court dutifully appointed Dr. Thomas Goodman to examine

Fluke. Dr. Goodman's report has been made part of the record. After reviewing Dr. Goodman's report, the trial court entered findings of fact and conclusions of law supporting its original conclusion that Fluke was and is competent in all areas delineated above.[5]

¶ 3 Our Order remanding the matter for further competency evaluations has rendered part 1 of Fluke's Proposition I moot. Regarding sub-sections 2 and 3, we have fully considered the record before us, including Dr. Goodman's report and the trial court's findings of fact and conclusions of law, and find no abuse in the trial court's discretion in finding Fluke was and is presently competent. *We do emphasize for purposes of clarity and to guide trial courts in future cases that an independent competency evaluation, like that conducted here in compliance with our March 30th Order, shall be conducted in all death penalty volunteer cases.* Proposition I is denied.

¶ 4 Propositions II through IV raise sentencing issues. Capital sentence review is mandatory and not subject to waiver, and requires this Court to determine whether the evidence supports the aggravating circumstances found by the trial judge.[6] In this case the Bill of Particulars filed against Fluke alleged three (3) aggravating circumstances. However, the trial judge found the existence of only two (2) aggravating circumstances beyond a reasonable doubt: (1) that the murder of Ginger Fluke was especially heinous, atrocious or cruel; and (2) a great risk of death to more than one person as to all three victims.

---

2. The Application for Determination of Competency was actually filed on October 6, 1998.

3. *Grasso v. State,* 1993 OK CR 33, 857 P.2d 802.

4. *Fluke v. State,* No. D–98–1237 (Okl.Cr. March 30, 2000) (*Order Remanding for Hearing on Issue of Appellant's Competency to Enter Guilty Plea, Waive Mitigation, and Waive Capital Direct Appeal*) (Not For Publication).

5. Fluke discharged his appellate attorneys at the conclusion of the June 14, 2000, hearing. This Court reviewed and affirmed that decision and appointed standby appellate counsel on August 31, 2000. In conducting our review we determined that the trial court proceedings substantially complied with our Rules and case law governing discharge of appellate attorneys. Standby counsel's request for further review of the issue of *pro se* appellate representation, filed October 2, 2000, is denied. On September 9, 2000, Fluke declined to file a brief challenging the trial court's findings of fact and conclusions of law in the competency proceedings, and waived his right to oral argument. The State subsequently waived oral argument on September 26, 2000, and the case was submitted to the Court for decision.

6. *Grasso,* 857 P.2d at 808 (citing 21 O.S.1991, § 701.13(C)(2)).

¶ 5 Under Proposition II, Fluke argues that victim impact evidence should be deemed inadmissible in cases where a defendant waives presentation of mitigating evidence. Fluke reads *Payne v. Tennessee*[7] to require the presence of mitigating evidence before victim impact evidence becomes admissible as a form of rebuttal. However, Fluke's argument is moot under the particular facts of his case, where the sentencer did consider mitigating evidence before imposing a sentence. The judge took into consideration the fact that Fluke's business was failing and that he was experiencing financial difficulties, as well as Fluke's fragile mental state at the time he committed his crimes. Accordingly, because mitigation was considered in this case, we need not decide whether *Payne* requires it before victim impact evidence may be introduced. This Proposition is denied.

¶ 6 In his third proposition of error, Fluke claims there was insufficient evidence to support the trial court's finding that Ginger Fluke's murder was especially heinous, atrocious or cruel. The especially heinous, atrocious or cruel aggravating circumstance is limited to cases in which the murder was preceded by torture or serious physical abuse.[8] "The State must show conscious suffering, and evidence the victim was aware of the attack is sufficient to show torture."[9] We will review the record to see whether any competent evidence supports such a finding.[10]

¶ 7 In this case, Fluke attacked Ginger ·Fluke with a hatchet while she slept. When he hit her on the back of her head, she awoke and began screaming. He continued to hit her with the hatchet as she screamed, leveling at least seven or eight blows to her head and neck. She remained conscious and screaming until Fluke pulled out a gun and shot her in the head. Taken in the light most favorable to the state, this was competent evidence to support a finding that Ginger Fluke's suffering was conscious, and that she was well aware of the attack before Fluke rendered the fatal gunshot wound. Accordingly, sufficient evidence supports the judge's finding of the heinous, atrocious or cruel aggravating circumstance. This proposition is denied.

¶ 8 In his fourth and final proposition of error, Fluke claims the State presented insufficient evidence in support of the great risk of death aggravating circumstance. We disagree. Fluke told police he had been planning to kill his entire family for some time before he committed the murders. Fluke put that plan in motion when he killed Ginger Fluke. After he accomplished the first murder, he immediately ran upstairs and murdered his daughter in her bedroom, then went into his second daughter's room and fatally shot her as well. The deaths occurred in close proximity in terms of time and location.[11] Under our case law, the killing of more than one person is sufficient to satisfy this aggravating circumstance.[12] Accordingly, we find the evidence sufficient to sustain this aggravating circumstance. Fluke's fourth and final proposition of error is denied.

## MANDATORY SENTENCE REVIEW

¶ 9 Pursuant to the mandates of 21 O.S.1991, § 701.13(C)(1), this Court must determine whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. The

---

7. 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).

8. *Malicoat v. State*, 2000 OK CR 1, 992 P.2d 383, 398, *cert. denied*, —— U.S. ——, 121 S.Ct. 208, 148 L.Ed.2d 146 (2000).

9. *Malicoat*, 992 P.2d at 398 (citing *Le v. State*, 1997 OK CR 55, 947 P.2d 535, 550, *cert. denied*, 524 U.S. 930, 118 S.Ct. 2329, 141 L.Ed.2d 702 (1998)).

10. *Malicoat*, 992 P.2d at 398.

11. *Hooper v. State*, 1997 OK CR 64, 947 P.2d 1090, 1106, *cert. denied*, 524 U.S. 943, 118 S.Ct. 2353, 141 L.Ed.2d 722 (1998) (where jury could conclude victims were together when killed and evidence sufficiently suggested murders were in close proximity, aggravating circumstance of great risk of death supported by the evidence in this case).

12. *Ochoa v. State*, 1998 OK CR 41, 963 P.2d 583, 604, *cert. denied*, 526 U.S. 1023, 119 S.Ct. 1263, 143 L.Ed.2d 358 (1999).

record reflects that Judge Gillert took into consideration all the evidence in aggravation discussed above. He systematically, methodically, and correctly eliminated aggravating circumstances not supported by sufficient evidence.[13] Moreover, despite Fluke's attempts to waive presentation of mitigating evidence, the trial court did consider in mitigation Fluke's mental state and the financial crisis his business was experiencing at the time of the crimes. Under these facts and circumstances, we find the sentence imposed was based upon aggravating circumstances supported by the evidence and not under the influence of passion, prejudice or any other arbitrary factor.

¶ 10 We further find that the record supports the trial court's findings that Fluke's waiver of his right to jury trial, presentation of mitigating evidence, and of his right to a direct appeal of his Judgment were all made knowingly, intelligently and voluntarily. In light of the foregoing, the Judgments and Sentences are **AFFIRMED**.[14]

STRUBHAR, P.J., and JOHNSON, J., concur.

LUMPKIN, V.P.J., and LILE, J., concur in results.

---

13. The judge determined there was insufficient evidence to prove the especially heinous, atrocious or cruel aggravating circumstance in the two counts involving Fluke's daughters, and he found insufficient evidence to support the continuing threat aggravating circumstance as to all three counts.

14. If no petition for rehearing is filed in this case, mandate will issue twenty days after the date this opinion is filed. Rules 3.14 & 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2000). Fluke has ninety days from the issuance of mandate in this case to file a petition for writ of certiorari in the United States Supreme Court. If he fails to timely file such a petition, and no application for post-conviction relief is pending in this Court, this Court will set a date for execution of the judgment thirty days after that time condition is not met. 22 O.S.Supp.1999, § 1001.1(A)(1).