FILED
United States Court of Appeals
Tenth Circuit

April 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRIN LYNN PICKENS,

      Petitioner - Appellant,

v.

RANDALL WORKMAN

      Respondent - Appellee,

No. 09-5170
(N.D. Okla.)

(D.C. No. 4:06-CV-00343-TCK-TLW )

**ORDER DENYING CERTIFICATE OF APPEALABILITY,
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING APPEAL**

Before **TACHA**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Darrin Lynn Pickens, an Oklahoma state prisoner appearing pro se,[1] seeks to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which claims constitutional irregularities in his conviction for the 1990 murder of Tommy Lee Hayes. Exercising jurisdiction pursuant to 28 U.S.C. §1291 and § 2253(c)(1), we DENY his request for a certificate of appealability ("COA"), DENY his request to proceed *in forma pauperis*, and DISMISS this matter.

---

[1] Because Pickens proceeds pro se, we construe his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

**I.**

Pickens was twice convicted by a jury in Oklahoma state court of, among other things, first degree murder. And he was twice sentenced to death. In 1990, while robbing a convenience store in Creek County, Oklahoma, Pickens shot the store clerk Tommy Lee Hayes four times. *See Pickens v. State*, 885 P.2d 678 (Okla. Cr. App. 1994) (*Pickens I*), *rev'd in part on other grounds*, *Parker v. State*, 917 P.2d 980, 986, n. 4 (Okla. Cr. App. 1994).[2] and *Pickens v. State*, 19 P.3d 866 (Okla. Cr. App. 2001) (*Pickens II*). He was first tried in October 1990, convicted on three counts, including first degree murder, and sentenced to death. The Oklahoma Court of Criminal Appeals (OCCA) reversed his convictions and remanded for a new trial. *Pickens*, 885 P.2d at 684.

In 1998, Pickens was retried on charges of First Degree Murder While in the Commission of Robbery with a Dangerous Weapon (Count 1) and Feloniously Carrying a Firearm (Count 2). He was convicted on both counts and again sentenced to death on Count 1 and to ten years imprisonment on Count 2. The OCCA affirmed his conviction and death sentence for first degree murder, but reversed the conviction for feloniously carrying a firearm.[3] *Pickens II*, 19 P.3d at 884. The OCCA denied Pickens' first application for post-conviction relief. *Pickens v. State*, PCD 2000-285 (Okla. Cr. App. August 30, 2001) (not for publication).

Pickens filed a second application for post-conviction relief and a motion for

---

[2] In this case we address his murder conviction arising from *Pickens II*, his second trial.

[3] The state trial court dismissed Count 2 on the State's request on August 8, 2001.

evidentiary hearing arguing the Supreme Court decision in *Atkins v. Virginia*, 536 U.S. 304 (2002) (holding the execution of the mentally retarded to be cruel and unusual punishment under the Eighth and Fourteenth Amendments) should be applied to his sentence. *Pickens v State*, 74 P.3d 601, 603 (Okla. Cr. App. 2003) (*Pickens III*). The OCCA granted post-conviction relief on his request for a hearing and remanded the case to the district court for a jury determination as to whether he was mentally retarded. *Id.* at 604. The jury found Pickens was not mentally retarded. Pickens filed a supplemental brief[4] with the OCCA raising four propositions of error. *Pickens v. State*, 126 P.3d 612, 614 n.6 (Okla. Cr. App. 2005) (*Pickens IV*). The OCCA reversed the jury's verdict, vacated Pickens' death sentence and modified his sentence to life imprisonment without the possibility of parole.[5] *Id.* at 621

Pickens, appearing pro se, filed a petition in federal district court pursuant to 28 U.S.C. § 2254, alleging four grounds for relief. *Pickens v. Sirmons*, 06-CV-343-TCK-TLW, 2009 WL 3763723 (N.D. Okla. Nov. 9, 2009) (*Pickens V*). He claimed: 1) the warrant for his arrest was illegally obtained because the officer deliberately lied about a ballistic report to establish probable cause; 2) he was denied his Fifth Amendment right

---

[4] Pursuant to *Salazar v. State*, 84 P.3d 764, 766-67 (Okla. Cr. App. 2004), in cases where the OCCA has remanded for a jury determination on the issue of mental retardation, the district court must file with the OCCA its findings of fact and conclusions of law, the jury's determination, any sentencing disposition and the trial transcripts within thirty days of the jury's verdict. Both parties have twenty days from the date the trial court filed its findings of fact and conclusions of law or from the filing of the transcripts, whichever is later, in which to file a supplemental brief.

[5] On April 6, 2006, the State of Oklahoma filed a petition for writ of certiorari in the United States Supreme Court challenging the grant of post-conviction relief. The petition was denied on October 2, 2006. *Oklahoma v. Pickens*, 549 U.S. 941 (2006).

to counsel when he was subjected to custodial interrogation leading to his confession; 3) the trial court committed reversible error by allowing the prosecution to introduce evidence of other crimes during the first stage of his trial; and 4) there was insufficient evidence to link him to the crime other than the false confession coerced by law enforcement officers.

The State asserted the federal district court was precluded from considering Pickens' Fourth Amendment illegal warrant claim based on *Stone v. Powell*, 428 U.S. 465 (1976) (rejecting habeas relief for a Fourth amendment claim when it has been fully and fairly litigated in state court), and he was not entitled to relief on his remaining claims under 28 U.S.C. § 2254(d). After a thorough and thoughtful analysis of Pickens' claims, the district court agreed with the State and denied habeas relief on each claim. It later denied Pickens' application for a COA.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a COA is a jurisdictional prerequisite to our review of the dismissal of a § 2254 petition. *See* 28 U.S.C. § 2253(c)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). We will issue a COA only if the petitioner has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). In determining whether Pickens has made such a showing, "[w]e review the district court's factual findings for clear error and its legal conclusions de novo." *Clark*, 468 F.3d at 714.

## II.

On direct appeal to the OCCA and again in his habeas petition, Pickens asserted his murder conviction flowed from an unconstitutional arrest. Specifically, he claims the

- 4 -

officer who prepared the affidavit supporting his arrest warrant provided false information to establish probable cause. Prior to trial, Pickens filed two motions to suppress, both of which were denied. The OCCA reviewed his suppression claim on direct appeal and rejected it for two reasons. First, Pickens failed to establish the officer's statements were made in reckless disregard of the truth or with an intent to mislead and, second, there was probable cause for the issuance of the warrant even in the absence of the allegedly false information. *Pickens II*, 19 P.3d at 873-74 (citing *Franks v. Delaware*, 438 U.S. 154, 158 (1978)).

When a state prisoner has been provided an opportunity to fully and fairly litigate a Fourth Amendment claim in state court, federal habeas relief may not be granted on a claim that evidence obtained in an unconstitutional search and seizure was introduced at trial. *See Stone*, 428 U.S. at 494. The district court considered Pickens' opportunity to litigate his claim in detail. There is no question it had been fully and fairly litigated by the state court's consideration of two motions to suppress as well as the OCCA's review on direct appeal. Pickens merely quarrels with the result. The opportunity for full and fair litigation is not defeated merely because a participant might prefer a different outcome. The district court sufficiently and correctly addressed this claim. *See Miranda v. Cooper*, 967 F.2d 392, 400-01 (10th Cir. 1992).

Pickens next claimed his rights under the Fifth and Sixth Amendments were violated when the trial court admitted a confession obtained during a pre-arraignment

interview conducted while he was incarcerated on another charge.[6] He asserted the officers were aware he was represented in the other case but, nevertheless, interviewed him without his lawyer being present. The OCCA rejected this claim under *Edwards v. Arizona,* 451 U.S. 477 (1981) and *McNeil v. Wisconsin*, 501 U.S. 171, 174-83 (1991) (the Sixth Amendment invocation of the right to counsel in one case does not invoke the Fifth Amendment right to counsel during custodial interrogation on other unrelated charges). *Pickens II*, 19 F.3d at 875. After a thorough discussion of his claims under relevant Supreme Court precedent, the district court determined the OCCA's decision was not contrary to or an unreasonable application of *McNeil, Edwards,* and *Montejo v. Louisiana*, 129 S. Ct. 2079 (2009). It concluded Pickens had not yet been arraigned on the Creek County charges at the time of his interview and audio-taped confession and, therefore, his Sixth Amendment right to counsel had not yet attached. *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (Sixth Amendment right to counsel does not attach until "the initiation of adversary judicial criminal proceedings"). Moreover, Pickens had signed a waiver of his Miranda rights prior to being questioned on the Creek County

---

[6] Pickens was charged with the robbery of another convenience store in Tulsa County, Oklahoma, and the murder of the store's clerk. The robbery and murder occurred four days after the robbery resulting in Hayes' death. He was convicted and sentenced to death for the murder and fifty years imprisonment for the robbery. *See Pickens v. Oklahoma*, 850 P.3d 328 (Okla. Crim. App. 1993). On federal habeas review, he was granted relief from this death sentence and the case was remanded to the district court with instructions to grant the writ, conditioned upon the state court's conducting a new sentencing trial or commuting his sentence to life imprisonment or life imprisonment without parole. *Pickens v. Gibson*, 206 F.3d 988, 1003 (10th Cir. 2000). Pickens subsequently waived jury trial on resentencing in exchange for a sentence of life imprisonment without parole. *See Pickens IV*, 126 P.3d at 614, n.3.

robbery. Pickens fails to make a cogent argument establishing that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).[7]

Pickens' third proposition asserted his due process rights were violated when the jury was exposed to an unredacted transcript of his confession. Later pages of the transcript included references to his prior felony convictions -- evidence inadmissible at trial. On direct appeal, the OCCA rejected this claim because the jurors had the transcript for only a short time before the error was corrected and there was no evidence suggesting the jurors had read ahead.[8] *Pickens II*, 19 P.3d at 877. The district court determined

---

[7] In a recent case, *Maryland v. Shatzer*, the Court held "[t]he protections offered by *Miranda* [*v. Arizona*, 384 U.S. 436 (1966)] which we have deemed sufficient to ensure that the police respect the suspect's desire to have an attorney present the first time police interrogate him, adequately ensure that result when a suspect who initially requested counsel is reinterrogated after a break in custody that is of sufficient duration to dissipate its coercive effects." --- U.S. ---, 130 S. Ct. 1213, 1222 (2010). The Court held a break of two weeks was sufficient "to shake off any residual coercive effects of [the prisoner's] prior custody." *Id.* at 1223. This includes "the interim period during which a suspect was not interrogated, but was [incarcerated] pursuant to a prior conviction." *Id.* at 1224. The Court reasoned, "there is no reason to believe a suspect will view confession as the only way to end his interrogation when, before the interrogation begins, he is told that he can avoid it by simply requesting that he not be interrogated without counsel present - an option that worked before." *Id.* at 1226 (quotations omitted). While we recognize Perkins was not serving a sentence based on his conviction for the Tulsa County robbery/murder at the time he was questioned about the Creek County robbery/murder, we note he had been held in the general population for almost a month following his arrest and prior to his second interrogation.

[8] Pickens' confession was audio-taped. In statements made during the taped session, Pickens referenced other crimes for which charges were pending or of which he had been convicted. The OCCA described the publication of the transcript to the jury as follows:

- 7 -

Pickens had presented no facts rebutting the OCCA's conclusion and, in any event, he had not demonstrated how such exposure would have rendered his trial fundamentally unfair. *See Maes v. Thomas*, 46 F.3d 979, 987 (10th Cir. 1995) (a federal habeas court will not question a state court's evidentiary rulings unless they rendered the trial fundamentally unfair). Nothing in Pickens' request for a COA gives us reason to question the correctness of the district court's conclusion.

Finally, Pickens claimed there was insufficient evidence to support his conviction because his false confession was the only evidence linking him to the crime. The OCCA rejected this claim because Pickens' confession was admissible and was corroborated by other evidence presented at trial. The district court concluded the OCCA's determination was not an unreasonable application of the facts or contrary to the standard in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (holding relevant inquiry in reviewing the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the [petitioner guilty] beyond a reasonable doubt"). Again, Pickens fails to present facts rebutting the OCCA's factual

---

Counsel stated on the record he preferred the jury not be provided with the transcription, but agreed to handle any incorrect statements during cross-examination. After the State had passed out transcriptions to the jurors and had begun to play the tape, defense counsel objected on the grounds that the statement contained evidence of other crimes. The trial court collected the transcriptions from the jurors, called the court in recess, and then allowed defense counsel to go through the transcription in its entirety and recommend what portions should be redacted. Thereafter, the redacted tape was played for the jury, and the jury followed along with the redacted transcription.

*Pickens II*, 19 P.3d at 877.

determination and fails to provide cogent argument showing the denial of a constitutional right.

On December 16, 2009, Pickens filed a motion in this Court to proceed *in forma pauperis* (*ifp*) on appeal.[9] In order to proceed *ifp* on appeal, Pickens must "show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). Because Pickens has failed to make a nonfrivolous argument, we deny his request to proceed *ifp*. He is directed to remit the full amount of the filing fee within twenty days. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of an appeal does not relieve appellant of the obligation to pay the appellate filing fee in full).

We **DENY** Pickens' request for a COA and his motion to proceed *ifp*. His appeal is **DISMISSED**.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge

---

[9] He paid the district court filing fee and did not apply to the district court for leave to proceed *ifp* on appeal.